USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROMAN B. HUGO on his own behalf
and on behalf of others similarly situated,

               Plaintiff

          - against -

DEE DESIGNS, INC., ACE PAINTING, INC.,
WALLCO, INC., and
WAYNE CHAUVIN, an individual,

               Defendants.
------------------------------------------------------------x

**SCHEDULING ORDER**

07 Civ. 5733 (SAS)
Conference Date:
April 8, 2008, 3:30 p.m.

     WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) on March 24, 2008 (the "Order); and

     WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

     NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1)    the date of the conference and the appearances for the parties;

     April 8, 2008.

| | |
|---|---|
| HELEN F. DALTON & ASSOCS, P.C. | SCHER & SCHER, P.C. |
| By: ROMAN M. AVSHALUMOV, ESQ. | By: DANIEL J. SCHER |
| Attorneys for Plaintiff | Attorney for Defendants |
| 69-12 Austin Street | DEE DESIGNS, INC., |
| Forest Hills, NY 11375 | ACE PAINTING INC., |
| (718) 263-9591 | WALLCO, INC. and WAYNE CHAUVIN |
| | 111 Great Neck Road, Ste 206 |
| | Great Neck, NY 11021 |
| | (516) 482-1777 |

(2)    a concise statement of issues as they then appear;

     Plaintiff alleges that this case arises out of the Plaintiff's employment by the Defendants. Plaintiff further alleges that Defendants failed to pay Plaintiffs overtime wages in accordance with FLSA and New York Minimum Wage Law. Plaintiff claims to have worked an average of fifty-eight (58) hours per week and claims that Defendants failed to pay times and a half (1½) for hours worked over forty.

     Defendants deny that Plaintiff worked for them at all.

(3)     a schedule including:

(a) the names of persons to be deposed and a schedule of planned depositions;

> Depositions of Roman Hugo and Wayne Chauvin, (as well as any other individuals with relevant information, who may be found through discovery process) shall be completed no later than August 15, 2008.

*[handwritten margin note: juli 26 automatic disclosure]*

(b) schedule for the production of documents;

> Requests for the production of documents and interrogatories to be served by or before May 8, 2008.
>
> Responses to be furnished within thirty (30) days thereafter.

(c) dates by which (I) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed;

> It is not anticipated that experts will be required. If required, reports will furnished by or before September 8, 2008 and deposition of experts shall be completed by or before October 8, 2008.

(d) time when discovery is to be completed;    *[handwritten: August 15, 2008]*

> All discovery, including depositions of experts, shall be completed on or before October 8, 2008.

(e) the date by which plaintiff will supply its pre-trial order matters to defendant;

> Plaintiff will supply its pre-trial order to Defendants on or before ___*[handwritten: Sept 3]*___

(f) the date by which the parties will submit a pre-trail order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

> The parties will submit a joint pre-trial order and proposed findings of fact and conclusions of law on or before ___*[handwritten: Sept 15]*___.

(g) a space for the date for a final pre-trail conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.   *[handwritten: Aug 21 at 4:30]*

(4) a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

> Any and all tax returns which Defendants may furnish shall be kept confidential by Plaintiff. Further, if Defendants furnish payroll information containing information about

> Defendants' employers, Plaintiff's counsel shall maintain confidentiality of those documents even from the Plaintiff himself.

(5) a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

> None at present.

(6) anticipated fields of expert testimony, if any;

> Unknown at this time.

(7) anticipated length of trial and whether to court or jury;

> It is anticipated that the non-jury trial in this action will last one (1) day before the Court.

(8) This undersigned attorneys for the respective parties understand that this Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference of when justice so requires;

(9) names, addresses, phone numbers and signatures of counsel;

| | |
|---|---|
| HELEN F. DALTON & ASSOCIATES, P.C.<br>By: _____<br>ROMAN M. AVSHALUMOV, ESQ.<br>Attorneys for Plaintiff<br>69-12 Austin Street<br>Forest Hills, NY 11375<br>(718) 263-9591 | SCHER & SCHER, P.C.<br>By: _____<br>DANIEL J. SCHER<br>Attorney for Defendants<br>DEE DESIGNS, INC.,<br>ACE PAINTING INC.,<br>WALLCO, INC. and WAYNE CHAUVIN<br>111 Great Neck Road, Suite 206<br>Great Neck, NY 11021<br>(516) 482-1777 |

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
U.S.D.J.

4/8/08